IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRCT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ELLIOT BROWN, | ) | CASE NO.  4:19-CV-02772-CAB |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE CHRISTOPHER A. BOYKO |
| vs. | ) | UNITED STATES DISTRICT JUDGE |
| | ) | |
| WARDEN MARK WILLIAMS, | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| Respondent. | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| | ) | **(DOC. NOS. 1, 10) AND ORDER (DOC.** |
| | ) | **NO. 8)** |

This matter is before the undersigned pursuant to Local Rule 72.2.  Before the Court is the Petition

of Elliot Brown ("Brown" or "Petitioner"), for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241

(Doc. No. 1) and the Respondent's Motion to Dismiss (Doc. No. 10.).  Also pending is Brown's Motion

for Appointment of Counsel.  (Doc. No. 8.)  Brown is being held in custody at The Federal Correctional

Institution, Elkton in Lisbon, Ohio.  For the following reasons, the undersigned recommends that the Court

GRANT Respondent's motion to dismiss.  (Doc. No. 10.)  Brown's motion for appointment of counsel

(Doc. No. 8) is DENIED AS MOOT.

**I.  Background**

Brown's petition stems from his conviction and sentence in *United States v. Stewart et al.*, No.

1:08cr415, in the U.S. District Court for the District of Maryland.  Brown pled guilty to one count of

conspiracy to distribute and possess with intent to distribute a controlled substance, in violation of 21

U.S.C. § 846. (D. Md. Doc. No. 267.)  On July 30, 2010, the district court sentenced Brown to 360

months' imprisonment.  (*Id.*)  Brown appealed, arguing the district court erred in denying his motion to

1

withdraw his guilty plea and in finding him a career offender under the guidelines.  *United States v. Brown*, 435 F. App'x 182, 183 (4th Cir. 2011).  On June 16, 2011, the Fourth Circuit affirmed the judgment of the district court.  (*Id.*)

On September 14, 2012, Brown filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, based on ineffective assistance of trial and appellate counsel. (D. Md. Doc. Nos. 300, 302, 304.)  On January 18, 2017, the district court denied Brown's § 2255 motion.  (D. Md. Doc. No. 406.)

On March 10, 2017, Brown filed an Amended Motion for Reduced Sentence pursuant to 18 U.S.C. § 3582(c)(2), based on the retroactive application of U.S.S.G. Amendment 782. (D. Md. Doc. No. 418.) On June 16, 2017, the district court granted Brown's motion and resentenced him to 292 months' imprisonment.  (D. Md. Doc. No. 429.)

On October 16, 2017, Brown filed a motion for relief of judgment, along with a subsequent *pro se* clarification, seeking to reduce his sentence based on the Supreme Court's decision in *Lee v. United States*, 137 S.Ct. 1958 (2017).  (D. Md. Doc. Nos. 434, 436.)  On April 25, 2018, the district court dismissed Brown's motion as a successive § 2255 petition.  (D. Md. Doc. No. 455.)  Brown appealed, and on July 24, 2018, the Fourth Circuit affirmed.  (D. Md. Doc. Nos. 456, 459.)

On November 25, 2019, Brown filed the instant petition in this Court.  (Doc. No. 1.)  On January 17, 2020, the Court dismissed this action without prejudice after Brown failed to pay the required filing fee or file a motion to proceed *in forma pauperis*.  (Doc. No. 3.)

On September 1, 2020, the Court reopened this action after Brown moved the Court for reconsideration and paid the filing fee.  (Doc. No. 6.)  On September 17, 2020, the Court ordered Respondent to answer the petition.  (Doc. No. 7.)

On November 9, 2020, Brown filed a motion for appointment of counsel.  (Doc. No. 8.)  Brown argued counsel was necessary because the impact of COVID-19 would make him unable to meet the briefing schedule ordered by the Court.  (*Id.*)

On November 12, 2020, Respondent filed a motion to dismiss for lack of jurisdiction.  (Doc. No. 10.)

On December 3, 2020, Brown moved for an extension of time to January 12, 2021 to respond to Respondent's motion to dismiss.  (Doc. No. 11.)  This Court granted Brown's motion for extension of time on December 4, 2020 and mailed a copy to Brown on December 7, 2020.  (Non-document Order dated Dec. 4, 2020; non-document entry dated Dec. 7, 2020.)

Brown failed to file a response or another motion for extension of time.

## II. Law and Analysis

"[F]ederal law provides two avenues for federal prisoners challenging their confinement": 28 U.S.C. § 2241 and 28 U.S.C. § 2255.  *Taylor v. Owens*, 990 F.3d 493, 2021 U.S. App. LEXIS 6774 (6th Cir. 2021).  Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (citations omitted).  A petitioner may file a petition under § 2241 with any district court, circuit judge, or Supreme Court justice with personal jurisdiction over the warden. *Taylor*, 2021 U.S. App. LEXIS 6774, at *2 (citing § 2241).  Section 2255 directs motions to vacate, set aside, or correct a sentence in violation of federal law or imposed by a court without jurisdiction to be filed with the sentencing court.  *Id.* at **2-3 (citing § 2255).  Section 2255 "serves as the primary means for a federal prisoner to challenge his conviction or sentence . . . ." *Id.*  In contrast, a petition under § 2241 may only be used by a federal prisoner to challenge "'the execution or manner in which the sentence is served' – those things occurring within prison." *Id.* at *3 (citing *Charles v. Chandler*, 180 F.3d 753, 755-

3

56 (6th Cir. 1999) (per curiam).  "If a prisoner can file a section 2255 motion in the sentencing court but 'fail[s]' to do so or is unsuccessful in his motion, then a court 'shall not . . . entertain[]' his application for a writ of habeas corpus under section 2241." *Id.* (citing 28 U.S.C. § 2255(e)).  The only exception is contained in the "savings clause" contained in § 2255(e): "where it 'appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." *Id.* (citing § 2255(e), *Wright v. Spaulding*, 939 F.3d 695, 698 (6th Cir. 2019)).  Examples where a § 2255 motion may be inadequate or ineffective to test the legality of a prisoner's detention include a warden holding a prisoner in a way that is contrary to or not authorized by the sentence, or where the sentencing court no longer exists. *Wright*, 939 F.3d at 698.  The Sixth Circuit recently held that § 2255(e) limits the subject-matter jurisdiction of district courts. *Taylor*, 2021 U.S. App. LEXIS 6774 at *11.  A district court lacks jurisdiction over a petition filed under § 2241 if the petitioner could have filed a motion under § 2255 and either has not done so or did so unsuccessfully. *Id.*  The only exception is the savings clause. *Id.*

As Brown is proceeding *pro se*, "his pleadings are held to a less stringent standard than those prepared by an attorney." *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001) (citing *Cruz v. Beto*, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)).

Brown filed his Petition pursuant to § 2241 "in accord with" § 2255(e).  (Doc. No. 1 at 1.)  Brown argues he was "erroneously" designated a career offender, which resulted in an illegal sentence, and seeks relief under the savings clause.  (*Id.*)  Brown asserts this Court has jurisdiction pursuant to the Fourth Circuit's decisions in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), *Miller v. United States*, 735 F.3d 141 (4th Cir. 2013), and *Wheeler v. United States*, 886 F.3d 415 (4th Cir. 2018).  (*Id.* at 2.)  Brown argues that in *Wheeler*, the Fourth Circuit found a defendant "'satisfies the requirements of the savings clause as dictated by our decision in In re Jones, 226 F.3d 328 (4th Cir. 2000), because retroactive change

4

in law, occurring after the time for appeal and the filing of [a] first § 2255 motion, rendered [the] mandatory minimum unduly increased, resulting in a fundamental defect in sentence,'" and asserts he "suffers from the exact genre of infirmity analyzed in Wheeler." (*Id.* at 3.)

Respondent argues that under Sixth Circuit law, even if Brown's claims were true, he would not be "actually innocent" under the statute and he did not argue that "he was sentenced in excess of the statutory maximum." (Doc. No. 10 at 5.) Respondent further argues that *Wheeler* is not binding precedent on this Court, and the Sixth Circuit rejected an argument by a petitioner based on *Wheeler* in *Hueso v. Barnhart*, 948 F.3d 324, 326 (6th Cir. 2020). (*Id.* at 5-6.)

In *Hueso*, the Sixth Circuit rejected an identical argument made by a petitioner:

> Ramon Hueso asks us to go further still. He argues that prisoners barred from filing a second § 2255 motion may seek habeas relief under § 2241 based on new decisions from the *circuit courts*, not just the *Supreme Court*. Although the Fourth Circuit has blessed an identical request, *United States v. Wheeler*, 886 F.3d 415, 428–29 (4th Cir. 2018), we must respectfully decline. Among our reasons: Congress allowed prisoners to file a second § 2255 motion only if the Supreme Court adopts a new rule of constitutional law. 28 U.S.C. § 2255(h)(2). We would write this limit out of the statute if we held that new rules from the circuit courts (whether of statutory or constitutional law) could render § 2255 "inadequate or ineffective" and trigger the right to a second round of litigation under § 2241. We thus affirm the denial of Hueso's habeas petition.

948 F.3d at 326. The Sixth Circuit went on to hold that "[i]n addition to whatever else our reasonable-opportunity standard demands, it requires a Supreme Court decision that adopts a new interpretation of a statute after the completion of the initial § 2255 proceedings." *Id.* at 333. The Sixth Circuit recently affirmed its holding in *Hueso* in *Taylor.* 2021 U.S. App. LEXIS 6774 at **11-12.

Brown bears the burden of showing he meets the savings clause. *Id.* at *11. Like the situation in *Taylor*, no one disputes that § 2255(e) otherwise bars Brown's claims. *Id.* To meet the savings clause, Brown "must show 'that he had no prior reasonable opportunity to bring [t]his argument' in his earlier section 2255 proceedings." *Id.* (quoting *Wright*, 939 F.3d at 705.) Brown may make such a showing "by

identifying a Supreme Court decision that post-dates his original section 2255 proceeding" and "reinterprets the statute of conviction." *Id.* Brown identifies three Fourth Circuit decisions that he relies on to show he meets the savings clause. (Doc. No. 1 at 3.) But the Fourth Circuit is not the Supreme Court. *See Taylor*, 2021 U.S. App. LEXIS 6774, at *12. Therefore, the undersigned recommends the Court find Brown fails to meet his burden under the savings clause.

### V. Conclusion

For all the reasons set forth above, it is recommended that the Court GRANT Respondent's Motion to Dismiss the Petition (Doc. No. 10.)  Brown's Motion for Appointment of Counsel (Doc. No. 8) is DENIED AS MOOT.

Date: April 6, 2021                                         *s/ Jonathan Greenberg*
                                                            Jonathan D. Greenberg
                                                            United States Magistrate Judge

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**